UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAY 07 2020

------------------------------x
WAYNE CHIN,

                    Plaintiff,                  **AFFIDAVIT OF SERVICE**

          -against-                             _____ -CV- _____

CO. P.T. SQUIRE, Et. AL.

                    Defendant(s).               **20-cv-3711**
------------------------------x

STATE OF NEW YORK    )
                     ).SS:
COUNTY OF WESTCHESTER))

     I, WAYNE CHIN, being duly sworn, deposes and says;

     1. I am the above-named Plaintiff, and have cause to serve

a original copy of my civil action in the United States District

Court, Southern District of New York,

                    **U.S. Courthouse**
                **300 Quarropas Street**
            **White Plains, New York 10601-4150**


By placing the same in a pre-paid envelope and delivering it to

the  custody  and  care  of  the  authority  here  at  Sing  Sing

Correctional  Facility,  354  Hunter  Street,  Ossining,  New  York

10562-5442, on the 4/ day of May 2020, as due and sufficient

service.

                                        _____
                                        WAYNE CHIN; Pro-se
                                        Din: 09-A-6287

Sworn to before me on this

__4__ day of May 2020

_____
NOTARY PUBLIC

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

WAYNE CHIN

**(b)** County of Residence of First Listed Plaintiff  **Westchester**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro-se

**DEFENDANTS**

CO. P.T. SQUIRE

County of Residence of First Listed Defendant  **Dutchess**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

---

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☑ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☑ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

---

**V. ORIGIN** *(Place an "X" in One Box Only)*

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1981, 1983, 1985 ; 18 U.S.C. 242

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 5,000000.00 / $5,000000.00

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☑ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
WAYNE CHIN,

               Plaintiff,

     -against-

CO. P.T. SQUIRE,
CO. P. LANGDON,
CO. K.W. KRASNOW,
CO. J.Y. BENFORD,
CO. A ESCALERA,
SERGEANT JOHN DOE,
SERGEANT ECKERSON,
NURSE JANE DOE,

           Defendant(s)

In their individual and
official capacity.
--------------------------------x

COMPLAINT UNDER THE CIVIL
RIGHT ACT, 42 U.S.C. §§
1983, 1985 & 18 U.S.C. §
242

_____ -CV- _____

JURY TRIAL DEMAND

## VENUE

    Venue is invoked in this United States District Court, Southern District of New York, has the defendants' unconstitution conducts which gave cause of action, occurred in Green Haven Correctional Facility, 594 Route 216, Stormville, New York 12582, which is located in this Court's geographical jurisdiction.

## JURISDICTION

    This is a civil action seeking relief and damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, & 18 U.S.C. § 242 (Criminal Complaint) for civil rights violations under the color of state law. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3), and (4), and 2201.

## PARTIES TO THIS ACTION

Plaintiff, WAYNE CHIN, 09-A-6287, is an inmate presently incarcerated at Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York 10562-5442. At the time of the unlawful assault, battery, excessive uses of force undertaken by Correction Officer, P.T. Squire which provided cause for the action herein alleged, Plaintiff was incarcerated at Green Haven Correctional Facility.

Defendant, P.T. SQUIRE, is a Correctional Officer employed by the New York State Departmnt of Correction and Community Supervision (hereinafter "DOCCS"), and at all time for the cause of action, worked at Green Haven Correctional Facility, who while acting under the color of State law, unlawfully and intentionally assaulted the plaintiff and thereinafter, took retaliatory actions to punished and inhibited Plaintiff from exercising his constitutional right for redress by grievance process.

Defendant, P. LANGDON, is a Correctional Officer, employed by "DOCCS", and at all time for the cause of action, worked at Green Haven Correctional Facility, and who while acting under the color of State law, stood and observed Officer Squire's felonious assault upon plaintiff and failed to protect the plaintiff from substantial serious harm and injuries.

Defendant, K.W. KRASNOW, is a Correctional Officer employed by "DOCCS", and at all time for the cause of action, worked at Green Haven Correctional Facility, and who while acting under the color of State law, engaged in retaliatory actions against the plaintiff.

-2-

Defendant, J.Y. BENFORD, is a Correctional Officer employed by "DOCCS", and at all time for the cause of action, worked at Green Haven Correctional Facility, and who while acting under the color of State law, engaged in retaliatory actions against the plaintiff.

Defendant, A. ESCALERA, is a Correctional Officer employed by "DOCCS", and at all time for the cause of action, worked at the Green Haven Correctional Facility, and who while acting under the color of State law, engaged in retaliatory actions against the plaintiff.

Defendant, SERGEANT JOHN DOE, is a Correctional Officer employed by "DOCCS", and at all time for the cause of action, worked at Green Haven Correctional Facility, and who while acting under the color of State law, engaged in intimidation by threat to inhibit plaintiff from exercising his constitutional rights.

Defendant, SERGEANT ECKERSON, is employed by "DOCCS", and at all time for the cause of action, worked at Green Haven Correctional Facility, and who while acting under the color of State law, engineered a concerted cover-up of Officer Squire's felonious assault of the plaintiff in order to facilitated the officers' continuous retaliation against plaintiff.

Defendant, JANE DOE, is a health care provider employed by "DOCCS", and at all times for the cause of action, worked at Green Haven Correctional Facility, and who while action under the color of State law, refused to evaluate and administered adequate medical care.

-3-

## PREVIOUS LAWSUIT

1. No other lawsuit in state or federal court dealing with the same facts in this action.

2. The plaintiff filed two other lawsuit in federal court related to his imprisonment.

3. In 2005, the plaintiff filed his first federal lawsuit in the United States District Court, Southern District of New York, captioned **Chin v. Burnstein**, 15-CV-7860 (VB). Plaintiff alleged a deliberate indifference to his medical needs in violation of the Eighth Amendment. United States District Judge, Vincent L. Briccetti, granted summary judgment in favor of the defendants on March 28, 2017. (2017 WL 1169670).

4. On May 6, 2019, Plaintiff filed a writ of habeas corpus (28 U.S.C. § 2254), petition in the United States District Court, Eastern District of New York. The petition was assigned to United States District Court Judge, Roslynn R. Mauskopf. The caption read, **Chin v. Noeth**, 19-CV-02729 (RRM), and is still pending a resolution

5. Plaintiff was granted poor person status in both previous actions filed in the United States District Courts.

## STATE OF CLAIM

A. **FIRST CLAIM**: On May 9, 2017, at approximately 4.25 p.m., Plaintiff had a physical altercation with Inmate Masi (14-A-3725) in E-Block, two company. An alarm was sound for responding officers. Correctional Officer Squire, who sound the alarm, run down 2 company, and was immediately followed by Correctional Officer Langdon. Officer Squire ordered both

-4-

plaintiff and Masi to lay on the floor, face down, with hands behind our back. Plaintiff was restrained in handcuffs by Officer Squire and without any provocation, Officer Squire maliciously and viciously struck plaintiff on the left thigh with a baton, with all intent to break plaintiff's leg. Thereafter, Officer Squire's physically lifted plaintiff into a sitting position and unlawfully assaualted plaintiff. With a capable state of mind to cause serious and permanent physical bodily injury, Officer Squire viciously rammed his knee in the right side of plaintiff's upper back, then, viciously kicked plaintiff in the spine (lower back), causing immediate shock waves through plaintiff's body and serious injury to plaintiff's vertebra. Officer Squire, then lift plaintiff in standing position, and slammed plaintiff's head first in the well between cells E2-228, and E2-229. Then, swung around and rammed plaintiff's head first in bars of the passage-way of two company, causing serious bodily injuries to plaintiff's upper lip, nose, and a resulting broken tooth. (See, head photographs, Exhibit 1 annexed hereto).

Officer Squire's felonious assault, battery, and excessive uses of force, was undertaken to cause plaintiff irreparable bodily injuries and was observed by several inmates that were outside their respective cell for the evening meal. Plaintiff reported Officer Squire's unlawful assault to Sergeant John Doe, who responded; "Complaining against my officer is dangerous for your health." Plaintiff immediately recognized Sergeant John Doe's intimidating statement, as a threat of retaliation to inhibited plaintiff from protesting the unlawful assault. Thus,

-5-

plaintiff retracted reporting Officer Squire's conduct in fear of immediate retaliation. (See Grievance # GH-86539; Exhibit 2, annexed hereto).

The constitutional basis for this claim under 42 U.S.C. §§ 1981, (violation of the Equal Protection Clause), 1983, and 1985 are; First and Eighth Amendment violations. Officer Squire written infraction dated May 9, 2009, which alleged that no use of force was employed, constituted a false statement actionable under 18 U.S.C. § 242.

B. Second Claim: On May 9, 2017, Officer Langdon, stood silent and watch as Officer Squire's committed his felonious assault upon plaintiff and failed to protect plaintiff from substantial serious bodily harm and injury. Officer Langdon failure to act in accordance with his duty to protect plaintiff from harm, constituted a deliberate indifference to care and safety of an inmate.

The constitutional basis for this claim under 42 U.S.C. §§ 1983 & 1985 is; Eighth Amendment (Deliberate Indifference to Safety and Failure to Protect). Officer Langdon's endorsement of Officer Squire's infraction, alleging no uses of force was employed, constituted a false statement actionable under 18 U.S.C. § 242.

C. Third Claim: Due to the excruciating pain plaintiff suffered from the injuries inflicted by Officer Squire's assault. From May 11 Through 18, 2017, Plaintiff sought medical attention by way of the emergency sick-call process of submitting sick-call slips. Officer Krasnow and Officer Benford, individually and

-6-

collectively at behest of Officer Squire, took retaliatory actions to denied the plaintiff access to adequate medical care. On the days in question, defendants Krasnow and Benford would prevented the plaintiff from leaving his assigned cell to obtained medical treatment for his pains and sufferings. Occasionally, Officer krasnow and Bedford would refused to collect the sick call slips from plaintiff, and/or totally discarding them to the garbage bin. (**See**, Grievance # GH-86579-17 & GH- 86655-17; Exhibit 3 annexed hereto).

The temporal proximity between the protected speech (right to grievance process) and the retaliatory actions was evidenced by Officer Benford's false accusatory infraction dated July 2, 2017, which charged plaintiff for violation prison disciplinary rules 104.13 and 106.10. (See, Exhibit 4, annexed hereto).

The constitutional basis for this claim under **42 U.S.C. §§ 1981 (violation of the Equal Protection Clause under the Fourteenth Amendment), 1983 and 1985 (First and Eight Amendments violations)**. Officer Benford's written infraction dated July 2, 2017, constituted a false statement actionable under **18 U.S.C. § 242**.

D. **Fourth Count**:   On September 21, 2017, at approximately 5:10 p.m., a group of seventy-four (74) inmates were returning from the evening meal in the E-Block corridor when a disturbance between Officer Escalera and an inmate (allegedly Young) escalated at the back the line of inmates. E-Block corridor is roughly fifty (50) feet in approximation. Plaintiff was in the front of the group, tenth position, when he heard someone stated,

-7-

"do not move," and immediately thereafter, another voice stated, "take it to E-Block. Plaintiff proceeded toward E-Block entrance, while the majority of other inmates stood their grounds, refusing to move. An alarm was sounded, and responding officer called to the location. Inmates were instructed to faced the wall with their hands placed firmly against it. Inmate, Young, was forcefully removed and taken to solitary confinement. However, while plaintiff was still detained in the corridor at the entrance of E-Block, Officer Squire, who plaintiff had passed earlier on the way to the evening meal, came down to plaintiff's location and specifically single out plaintiff as the agitator of the demonstration and instructed Officer Krasnow to file false disciplinary charges against plaintiff.

At the behest of CO Squire, Officer Krasnow filed a false accusatory infraction, charging plaintiff with violating prison disciplinary rules 104.12 (demonstration), 104.13 (creating a disturbance), 106.10 (refusing direct order), and 109.12 (movement regulation violation). The false accusatory infraction was endorsed by Officer Escalera.

In a bias disciplinary hearing conducted by Disciplinary Hearing Officer Gutwein, plaintiff was found guilty of the false accusation and given ninety days cell confinement, loss of packages, loss of commissary, loss of phone privileges, and three months of good time credit. The retaliatory actions of the defendants were an effort to deter plaintiff from seeking redress in the courts for Officer Squire's unlawful assault. Plaintiff appeal the disciplinary hearing determination and an Article 78

proceeding was commenced in state court which was transferred to the Appellate Division, third Department. However, Plaintiff abandoned the appeal in lieu of the instant action.

The constitutional basis for this claim under **42 U.S.C. §§ 1981 (violation of the Equal Protection Clause under the Fourteenth Amendment), 1983, and 1985 (First and Eighth Amendment).** Officer Krasnow's written infraction dated September 21, 2017, which was endorsed by Officer Escalera, constituted a false statement actionable under 18 U.S.C. § 242.

**E. Fifth Count:** Sergeant Eckerson could have protected plaintiff by ordering the correctional officers to cease and desist from their retaliation. However, he engineered a concerted cover-up of Officer Squire's unlawful assault and allowed the officers' retaliation to continue as a means to silent plaintiff from exercising his protected rights to protest.

For example, On the day of the assault, Sergeant Eckerson knew that twenty or more inmates were out of their respective cells, and witness Officer Squire assaulting plaintiff. Nonetheless, Sergeant Eckerson's interviewed only three inmates who themselves, was in fear of retaliation and failed to tape record the witnesses' statements and/or asked them for a written statement.

The constitutional basis for this claim under **42 U.S.C. §§ 1983, and 1985 (First Amendment).**

**F. Sixth Count:** The :        first initial nurse that plaintiff reported Officer Squire's unlawful assault and the injuries suffered, refused to documented plaintiff's injuries

-9-

as an assault by officer, thus, minimizing the attending circumstances to a physical altercation (fight). Although the swelling of plaintiff leg and back was not visible to the naked eyes on May 9, 2017, the injuries to plaintiff's busted lip, nose and broken teeth was apparent. The nurse provided no immediate medical treatment for plaintiff's injuries nor scheduled an emergency appointment to be seen by a dentist. Plaintiff suffered excruciating back, face and leg pain for ten days before been seen by another nurse on May 19, 2017, emergency sick-call when an X-ray was scheduled. (See, Exhibit 5 annexed hereto).

The initial nurse's refusal to properly documented my numerous injuries and provided adequate medical treatment, was undertaken has retaliation against plaintiff for filing an earlier civil action against nurses and doctors of the facility, a fact known by members of health care department. (See, **Chin v. Burnstein**, 2017 WL 1169670).

Furthermore, The pattern of retaliation and collaboration by nurses in Green Haven Correctional Facility to minimized the severity officers' assault on inmates is not unusual because of their working relationship.

The constitutional basis for this claim under 42 U.S.C. §§ 1983 and 1985 are, **(First and Eighth Amendment --[retaliation & denial of adequate medical care])**.


## RELIEF SOUGHT

Plaintiff seeks punitive damages in the sum of one and a half million ($1,500,000.00) dollars for Officer Squire's

-10-

intentional, wanton and racist assault upon plaintiff. Plaintiff seeks punitive damages in the sum of one million ($1,000,000.00) dollars for the defendants' retaliatory conducts. Plaintiff seeks punitive damages in the sum of five hundred thousand ($500,000.00) dollars for the filing of a false instrument (intent to defraud) that the defendants knew was false. Plaintiff seeks the expungement of the false accusatory instruments from his institutional record.

### COMPENSATORY DAMAGES

Plaintiff seeks compensatory damages in the sum of one, point eight million ($1,800,000.00) dollars for the his pains, suffering and future suffering from back problems caused from Officer Patrick Squire's felonious assault. Plaintiff seeks two hundred thousand (200,000.00) dollars for the anxiety, stress and mental burden the defendants retaliatory and false accusations caused plaintiff to endured, including the unwarranted disciplinary transfer to Attica Correctional Facility and the unnecessary cost of litigations.

**I declare under the penalty of perjury that the foregoing is true and correct.**

**Executed on May 4, 2020.**

Respectfully submitted,

Wayne Chin: Pro-se
Din: 09-A-6287
Sing Sing Correctional facility
354 Hunter Street
Ossining, New York 10562-5442

-11-

EXHIBIT 2

FORM 217 1B (4
Side 2

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

### Green Haven Correctional Facility

## INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) • NOMERE DEL RECLUSO (Apelido, Nombre) | NO. · NUM | HOUSING LOCATION • CELDA |
|---|---|---|
| Chin, Wayne | 09A6287 | E-226 |

| 2 LOCATION OF INCIDENT ♦ VIOLACIONES | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| E-Block 5-Company | May 9, 2017 | 4:35 PM   Approximately |

3 RULE VIOLATION(S) ♦

| 100.13 | FIGHTING |
|---|---|
| 104.11 | VIOLENT CONDUCT |
| 104.13 | CREATING A DISTURBANCE |

4. DESCRIPTION OF INCIDENT ♦

On the above date an approximate time I observed inmate Chin, 09A6287 (E-226), exchanging closed fist punches with inmate Masi, 14B3725 (E-235) striking him about the head and body while evening chow was being dropped which drew the attention of several inmates who were coming off the company. I immediately called a response to the area. Myself and Officer Langdon then went down the company directing inmates to face the bars and not to move, when we got to inmates Chin and Masi I ordered both inmates to stop fighting and to lay on their stomachs and put their hands behind their backs. Both inmates complied with all orders given, no force was used. At that time the response team had arrived, both inmates were placed in mechanical restraints and removed from the company without incident.

| REPORT DATE ♦ FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦ FIRMA | TITLE ♦ TITULO |
|---|---|---|---|
| 05/09/17 | P. Squire | | C.O |

| 5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any) | SIGNATURES : | |
|---|---|---|
| ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay) | FIRMAS:   1 | |
| 2 | | 3 |

**NOTE: Fold back Page 2 on dotted line before completing below.**

DATE AND TIME SERVED UPON INMATE        5/10/17

FECHA HORA DADO AL RECLUSO

NAME AND TITLE OF SERVER

NOMBRE Y TITULO DEL QUE ENTREGA

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaracion hecha por usted como respuesta al crgoo informacion derivada de ella en una demanda criminal.

### NOTICE ♦ AVISO

REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica que el informe anterior es un cargo formal el cual se considerara y determinara en una audiencia a celebrarse.

The inmate shall be permitted to call witnesses provided that so doing does not jeopardized institutional safety or correctional goals. ♦ Se le permitira al recluso llamar testigos con tal de que al hacerlo no pondra en peligro la seguridad de la institucion o los objetivos del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to make a statement on the need for continued prehearing confinement. ♦ Si esta restringido pendiente a una audiencia por este informe de mal comportamiento, puede escribirle al Diputado del Superintendente para Seguridad o su respresentante antes de la audiencia para que haga una declaracion acerca de la necesidad de continuar bajo confinamiento , previo a la audiencia.

Distribution:  WHITE - Disciplinary Office  CANARY - Inmate (After review) ♦ Distribucion:  BLANCA - Oficinia Disciplriaria  AMARILLA - Recluso (despues de la resion)

*GH 86539-17*

                    Wayne Chin
                  Din. 09-A-6287
          Green Haven Correctional Facility
                  594 Route 216
             Stormville, New York 12582-0010
                  Unit E2-226-S

                  May 15, 2017

**INMATE'S GRIEVANCE**

        Re: (RETALIATION) **Physical Assualt by Staff**

     On May 9, 2017, at approximately 4.25 p.m., I had a physical altercation with an unstable inmate in E-Block, 2 Company. An alarm was sounded and a team of officers responded. Officer P. SQUIRE who sound the alarm, run down the 2 company and ordered both myself and inmate Masi (14-B-3725), to lay on the floor face down with hands behind our back. I was handcuffed by Officer Squire. However, without any provocation on my behalf, Officer Squire struck me on the left thigh with his baton with the intent to brake my leg. Then, Officer Squire ordered me up off the floor, physically lifted me into a sitting position and kneed and kicked me twice, once in the spine (lower back), and once on the right side (upper back). He then lifed me up and slammed my head once in the wall between cell E2-228-229 and once against the bars of the passage-way on the company causing damage to my face and back for no apparent reasons than to satisfy his sadistic and racist appetite. Officer Squire's kicks to my lower and upper back was an intentional attempt to cripple me and/or cause irreparable damage to my spine.

     Officer Squire's physical assault upon my person was witness by several inmates in the block. I informed the sergeant on duty that his officer had assaulted me, but realized that not what he wanted me to say, so I retracted my statement in fear of immediate retaliation.

     On May 11, 12, 13, and 14, 2017, I submitted sick call slips and emergency sick call requests for medical attention and to document my injuries. However, the authorities either would not let me out the cell or collect the emergency sick call slips. I am fearful for my life that my complaints will be met with staffs' retaliation and/or setting me up for bogus charges.

**ACTION REQUESTED:** I request that Officer Squire be reprimanded, re-trained to properly interact with the black inmate population. I request that the staffs at this facility takes no retaliatory actions against me for utilizing the grievance process. I further request immediate and proper medical attention and care.

Sign: _____    Dated _May 16, 2017_

12/2016

## INMATE GRIEVANCE RESOLUTION COMMITTEE
## ACKNOWLEDGEMENT OF RECEIPT

TO: _Chin, W._ DIN: _09A6287_ LOC. _E2-226_

FROM: IGRC OFFICE: Incident date: _____ Action Request: _____ Signature: _____

CODE: _49_ TITLE: _Alleged Assault_ _____

This notice is to inform you that your grievance has been received by this office on

_5/16/17_. It has been given the log number GH _86539-17_ MAY 17 2017

Your log number, DIN, and cell location must be included on any inquiry made concerning your grievance.

Upon completion of an investigation into your grievance, you will be scheduled for an IGRC hearing. According to Directive #4040 if you do not appear for the hearing without a legitimate reason, the IGRC will hold a hearing in absentia.

If your grievance is numbered as part of a consolidated issue, you may or may not be called for a hearing. However, you will receive a copy of the grievance committee's decision, and you may appeal any decision in accordance with Directive #4040.

Directive #4040 701.3(a) _Inmate's Responsibility._ An inmate is encouraged to resolve his complaints through the guidance and counseling unit the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance. Although a facility may not impose pre-conditions for submission of a grievance, the failure of an inmate to attempt to resolve a problem on his own may result in the dismissal and closing of a grievance at an IGRC hearing.

**\*Notice of Return:  _Please resubmit with correction requested._**

Please be advised that your grievance received on _____ , is being returned to you via callout for one or more of the following reasons. You will be placed on a callout to meet with an IGRC Inmate Representative to make any necessary corrections.

____ No action request, please indicate one.        ____ No incident date noted.

____ No signature                                                    ____ Non-grievable per Directive #4040

____ Unable to understand handwriting.               ____ Loss/damage of property is addressed by utilizing the claim mechanism in accordance with Directive #2733.

____ Other (as indicated below):

_____

_____

_____

_____

IGP Supervisor Stanaway _____        IGP Supervisor Wonsang _____

Grievant  CHIN          Number  09A6287          Cell  E2-226

| **NEW YORK STATE** **Corrections and Community Supervision** | Grievance Number 86539-17 | Date Filed 5/18/2017 |
|---|---|---|
| | Title ALLEGED ASSAULT | Code 49 |
| **Inmate Grievance Program Green Haven** | Superintendent's Signature | Date 6-21-17 |

The grievant complains of an alleged assault on 5/9/17.

According to the investigation, the grievant was interviewed by Sgt. E. He stated he would like to add that his left side incisor tooth was broken in the incident and that he was seen by the dentist on either 6/8/17 or 6/9/17. He provided two witnesses who were interviewed by Sgt. E.

CO S, who was named in the complaint, provided a written statement denying the grievant's allegations of assault. He did give verbal commands to the grievant and the other inmate to stop fighting and to lie on the floor and put their hands behind their backs. Both inmates complied. CO S made no contact with the grievant or the other inmate. He did not apply mechanical restraints because he did not have any. After responding staff mechanically restrained the grievant, he immediately stood up and was escorted off of the company by responding staff. At no time did CO S assault the grievant, or make any inappropriate comments towards him.

Based on the investigation conducted, the grievant's allegations could not be substantiated.

*** Grievance is denied.

Appeal Statement

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.

First and foremost, I made a civilian citizen criminal complaint against Officer Squire for physically assaulting me that should have been reported to the appropriate police department that would endeavored an independent investigation and interview ~~or~~ with all the inmates on the company to verify the charges.
Second, the entire investigation by Sgt. Eckerson was conducted

_Chin Wayne_                                6-22-17
Grievant's Signature                           Date

_____              _____
Grievance Clerk's Signature                      Date

Form 2133 (Rev. 2/89)

Grievance No. 86539-17
Appeal-- Page Two

in a bias and partial manner designed to protect and cover-up
Officer Squire's unlawful, criminal assault upon me. Therefore,
the so-called investigation was not conducted to afford any
confidentiality with the inmates to guarantee against the
offending officer's retaliation. For example, on June 15, 2017,
at approximately 4.10 P.M., Sgt. Eckerson visited E-Block, 2
company, and confronted me with his question that if there were
any further statements I require added to my grievance. I
informed him that I verbally informed the dentist on June 8,
2017, that Officer Squire's slammed my head against the column
and bars and broke my left side front teeth. Further, as per the
grievance, I informed Sgt. Eckerson that the assault by Officer
Squire was witness by several inmates on the company who was
outside their respective cell for the evening meal. While I made
no personal investigation of which inmates observed Office
Squire's assault against me. I told him to check with the inmates
in the entire section from cell E-227 to the end of the company
and upward the front half. Sgt. Eckerson choose to question only
the inmates in E-227, 228 and 225, respectively.

The inmate in cell 227, told Sgt. Eckerson that he observed
the entire assault but did not know the name of the officer
involved. Sgt. Eckerson did not asked the inmates if he would
care to discuss the incident in confidentiality of sergeant's
office and/or was he willing to make and sign a statement.
However, Sgt. Eckerson left and came back to asked the inmate his
name which was the only thing I saw the Sgt. wrote on his
notepad.

Sgt. Eckerson asked the inmates in cell 228 if he observed
Officer Squire's assault upon me. While I carefully listened, I
heard the inmate told Sgt. Eckerson that he observed the entire
incident but was unwilling to talk because of his fear of
officers' retaliation. Sgt. Eckerson did not offered the inmate
any form of confidentiality and guarantee against retaliation to
obtain the inmate's written statement.

Sgt. Eckerson then confronted the inmate in cell 225, who
informed Sgt. Eckerson that he was not on the company. In
retrospect, had an inmate assaulted an officer on the company,
every inmate would have been brought to the investigative office
and afforded all confidentiality with all interviews.

On June 17, 2017, I was called to the Sergeant's office and
informed by the on-duty-sergeant that inmate James Robinson, Din.
01-A-5902, LOCT. E-2-237, had filed a confidential written
statement attesting that Officer Squire had assaulted me. The
sergeant in question, asked me if I wanted to make any statement
of which I also filed a written statement. However, Mr.
Robinson's statements were never reviewed and considered in
relationship to Sgt. Eckerson's so-called investigation.

Sign _____        Dated 6/22/17 _____

EXHIBIT 3

GH 86579-17

May 21, 2017

Wayne Chin
Din. 09-A-6287
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582-0010
Unit E2-226-S
Program---CAU Clerk & Com. op.---a.m., & p.m.

**INMATE'S GRIEVANCE**

Re: (RETALIATION) **MEDICAL ATTENTION & CARE**

After being physically assaulted by Officer Squire on May 9, 2017. I sought medical attention for my injuries by submitting sick-call requests on May 11, 12, 13, 14, 15, 16, 17, and 18 of 2017, without being provided with medical care. On May 19, 2017, I was finally let out of the cell to be seen my a nurse assistance at the sick-call office. I reported my various injuries and informed her that I was assaulted by an officer who struck me on the left thigh, kicked me in my spine, and upper back, and slammed my head into the column and bars, causing damages to my back and face, resulting with a bloody nose and broke a teeth. Apparently, she was quite reluctant to write a report that I was basically assaulted by staff. However, she asked if me wanted aspirin for my pains and sufferings. I informed her that I was taking Ibuprofen 600 to relieve my back pains, and she informed me that I would called to the clinic for x-ray later that day.

At approximately 2:50 p.m., Friday May 19, 2017, I was taken to the clinic where a nurse sarcastically asked me about my injuries, and why it took me so long to report them. Realizing that the first nurse's intentionally failed to recorded that I was assaulted by an officer, and encountering the second nurse sarcastic attitude. I did not see it necessary to repeated the officer's assault upon me again. However, I told her where I had existing pains and she told me that I would be referred for an x-ray on Monday.

On Sunday, May 21, 2017, I woke up with my existing back pains and an additional pains in my left back, which I presumed was either my kidney or lungs because every time I took a deep breath, I felt the pain. As the day progess, the pain in my kidney or lungs, exacerbated. Therefore, I wrote a emergency sick-call request on a piece of paper and asked the feed-up to give it to the officer. The feed-up individual informed me that the request was given to Officer Beckford. However, I was not release from the cell to seek immediate medical attention. When I was eventually let out for recreation, I asked the A-Officer what happen to my emergency sick-call request. I was informed by the A-Officer that he just got on duty and did not have any information regarding my sick-call request.

**ACTION REQUESTED:**   I request that the nurses do their duty accordance to policy and stop being passive about reporting officers' brutality of inmates. I also request that the officers in E-Block cease and desist retaliation against me.

_____      Dated _May 21, 2017_ _____

Wayne Chin
Din. 09-A-6287


cc:  Office of Inspector General

- 2 -

Grievant  CHIN          Number  09A6287          Cell  E2-226

| | Grievance Number<br>86579-17 | | Date Filed<br>5/22/2017 |
|---|---|---|---|
| NEW YORK STATE **Corrections and Community Supervision** | Title<br>DENIED EMERGENCY SICK CALL | | Code<br>23 |
| **Inmate Grievance Program Green Haven** | Superintendent's Signature | | Date<br>7-20-17 |

*Ok*

The grievant complains he was denied treatment at Emergency Sick Call.

According to the investigation, the grievant's computer records and medical chart were reviewed by the Nurse Administrator.  The grievant's chart reflects he was involved in a fight on 5/9/17.  He reported the same to medical at 4:45pm and complained of a bloody nose and swollen lip.  He was seen again at sick call on 5/19/17.  The nurse documented his complaints and referred the grievant to the clinic provider.  He was seen by Dr. K who indicated x-rays were needed on Monday, 5/22/17.  The computer indicated the request was entered on 5/22/17 and scheduled for 6/13/17.  Green Haven currently does not employ a full time x-ray technician.  At no time does the record indicate that the grievant was assaulted by staff.  The initial complaint only indicated a fight.

*** Grievance is denied.

---

**Appeal   Statement**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance  Clerk.  You have seven (7) calendar days from receipt of this notice to file your appeal.  Please state why you are appealing this decision to C.O.R.C. (GH-86539-17)

My grievance GH-86539, fully stated the substance of Officer Squire's unlawful assault against me, and the attending circumstances (fear of immediate retaliation).  The crux of the instant grievance (GH-86579-17) is/was related to your staffs' failure to provided me with the immediate and necessary medical attention which prolong my pain and suffering from my various injuries. Further, the grievance is/was directed at the nurses'

Grievant's Signature                                    July 25, 2017
                                                        Date

Grievance  Clerk's  Signature                           Date

Form 2133 (Rev. 2/89)

Grievance Appeal
GH-86579-17
Page two

reluctance to write/recorded that a member of your staff assaulted me because the nurses works closely and associate with your rank and file officers. Therefore, your response was disingenuous at best because you did not conducted any investigation with the sick-bay nurses to verified my complaint. There are no transparency within your administration toward the rights of inmates whenever it come to shielding and protecting your officers' unlawful conduct.

Chin, Wayne    dated July 25, 2017

GH 86655-17

May 24, 2017

Wayne Chin
Din. 09-A-6287
Green Haven Corr. Fac.
594 Route 216
Stormville, New York 12582-0010
LOCT: E-Block, Cell 2-226-S
Program  Assignment: CAU Clerk-A.M.; Com. Op. P.M.

INMATE'S GRIEVANCE

Re: (RETALIATION) DENIAL OF MEDICAL CARE

As a result of injuries sustained on May 9, 2017, I was scheduled for an x-ray on May 23, 2017. However, for whatever the circumstances, I was kept locked in the cell and never escorted to the clinic for the mandatory clinic call-out. Upon inquiry, I was given several evasive reasons by the A-Officer on duty why I was not allowed to go to the clinic. On May 24, 2017, I made further inquire from the A-Officer and was told that I was rescheduled for that day. When I was let out for keep-locked shower, I asked an inmate to asked the A-Officer what was the status of going to have the x-ray done. I clearly heard the A-Officer stated, "Fuck Him."

ACTION REQUESTED:  I respectfully request that the Officers cease and desist their retaliatory actions against me for exercising my rights.  I also request that my appointment for x-ray be immediately, rescheduled.

Sign _____     Dated 5-24-17 _____

cc     File/WC

Wayne Chin
Din. # 09-A-6287
Green Haven Corr. Fac.
594 Route 216
Stormville, New York 12582

November 9, 2017

Deputy Superintendent Of Security
Green Haven Corr. Fac.
594 Route 216
Stormville, New York 12582

Re: Request Pursuant To Directive 4932;
Subpart § 251-3.1(d)(3)

Dear Sir/Madam;

On May 9, 2017, I was physically assaulted by Officer P. Squire, in E-Block, 2 Company while restrained by handcuff. Since reporting Officer Squire's assault upon me, I have had to endured retaliation from Officer Squire in many different forms and/or fashions, some from rank and file officers whom are co-workers of Officer Squire. I have documented some incidence, and some I have not.

On September 21, 2017, there was a disturbance in E-Block corridor with an unstable inmate. There were approximately 74 inmate the in group returning from chew/masshall. When the disturbance escalated, from the infraction I received, it was alleged that all inmate refused to comply with a direct order to proceeding to E-Block. It is also alleged that after the non-compliance with the officer's order, I allegedly stated "don't move", and was specifically identified by Officer Krasnow.

Officer Krasnow so happened to be an officer who also had retaliated against me for Officer Squire in the pass while keeping me locked inside the cell from attending sick-call to seek medical attention for injuries sustained from Officer Squire's assault. Officer Krasnow has given testimony in three disciplinary hearing stating his position at the back of group of 74 inmate in E-Block corridor. I have testified in a hearing for inmate, C. Flow, and maintained in my retaliation grievance to Superintendent Griffin on September 21, 2017, the day of the disturbance, that I was not apart of the group that had refused to proceeded to E-Block and was singled-out for infraction by Officer Squire.

I have been keep-locked for approximately 50 day and only given one appearance to plead not guilty. For the last six week the hearing has stop without further ado. I have requested 64 inmates to testified on my behalf. In all fairness three of the inmates that were accused with myself has finished their hearings, two were found guilty and received sixty-days, inmate

C. Flow charges were dismissed. I on the other hand has suffered retaliations by these same rank and file officers and cannot receive fair impartial hearing conducted in a timely manner. I have been in Green Haven since 2009, and has never posed a threat to the security and orderly function of the facility, and hereby respectfully request to be release pending the resolution of my retaliation grievances and the subsequent infraction hearing.

Respectfully,

_____
Wayne Chin
Din. # 09-A-6287


CC:      File/Legal/WC

| Grievant   CHIN                                        Number  09A6287 | Cell  E2-226 | | |
|---|---|---|---|

| NEW YORK STATE Corrections and Community Supervision | Grievance Number 87704-17 | | Date Filed 9/25/2017 |
|---|---|---|---|
| | Title RETALIATION FOR PRIOR GRIEVANCE | | Code 49 |
| Inmate Grievance Program Green Haven | Superintendent's Signature | | Date 12-13-17 |

The grievant complains he was "singled out" during movment in the corridors 9/21/17.

According to the investigation the grievant was interviewed by Sgt. E. The grievant named inmate witnesses. The grievant had nothing further to add to his written complaint.

The inmate witnesses were interviewed by Sgt. E. The officer named in the complaint (CO S.) has submitted a written, signed statement denying the grievant's allegations.

According to the investigation the grievant's allegations could not be substantiated.

*** Grievance is denied.

---

Appeal Statement

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.

Superintendent Griffin and his subordinates has engaged in a systematic cover-up for Officer Squire's retaliatory conduct. Two weeks ago at approximately 5:20 p.m., Sgt. Eckerson visited E-Block, 2 Company and confronted me relative to my grievance filed on September 21, 2017. Instead of conducting an independent investigation of the 74 inmates whom had been present when the disturbance occurred which form the basis of my allegations

| _____ | 12/18/17 |
|---|---|
| Grievant's Signature | Date |

| _____ | _____ |
|---|---|
| Grievance Clerk's Signature | Date |

Form 2133 (Rev. 2/89)

Page Two----Appeal (Grievance 87704-17)


against Officer Squire, He asked me to specify a selection of
inmates. I gave Sgt. Eckerson the names of the individual jointly
charged with me, plus, Mr. E. Roberts (cell 213); Leroy Brown
(cell location unknown); the inmate presently in cell 257 (name
unknown); the inmate that was formerly in cell 212 and referred
his attention to the disciplinary tape of my tier 3 hearing. Sgt.
Eckerson interviewed inmate Roberts who substantiated my complain
against Officer Squire. However, Sgt. Eckerson was not receptive
to Mr. Roberts confirmation, neither did he requested a written
statements from Mr. Roberts. Thereafter, Sgt. Eckerson made sure
that each time he sought to interview the other inmates, was
after they were out in the yard and/or out to their respective
programs. Not once did he tried to ascertained a written
statements from any of the individuals referred. Sgt. Eckerson
who is Officer Squire's friend, did everything necessary to
subterfuge a conclusive determination of true facts. Hence, Sgt.
Eckerson's conducted a bias and incomplete investigation.

EXHIBIT 4

FORM 2171B (6/14)
Side 2

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

*Green Haven* _____ **Correctional Facility**

## INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre) | NO. ♦ NÚM. | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| CHIN, WAYNE | 09A6287 | E-BLK 226 |
| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
| | 07-02-17 | APProx 8:20 AM |

3. RULE VIOLATION(S) ♦ VIOLACIÓNES

106.10 direct order & 104.13 talking

4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE

On the above date and approximate time I, c.o. Benford was escorting a group of Inmates returning from chow back to E-Block. Inmate Chin #09A6287 was talking in the corridor. I ordered him to stop talking. The Inmate continued talking loudly. I ordered the Inmate a second time to stop talking at which time Inmate Chin complied. area Supervisor Notified.

| REPORT DATE ♦ FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| 07 | | | |

| 5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any) | SIGNATURES: | |
|---|---|---|
| ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay) | FIRMAS: 1. D. Jones / DTragis     C.O. | |
| 2. | 3. | |

**NOTE:** Fold back Page 2 on dotted line before completing below.

DATE AND TIME SERVED UPON INMATE _____ NAME AND TITLE OF SERVER _____

FECHA HORA DADO AL RECLUSO _____ NOMBRE Y TÍTULO DEL QUE ENTREGA _____

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada de ella en una demanda criminal.

### NOTICE ♦ AVISO

**REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)**

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica que el informe anterior es un cargo formal el cual se considerará y determinará en una audiencia a celebrarse.

The inmate shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals. ♦ Se le permitirá al recluso llamar testigos con tal de que al hacerlo no pondrá en peligro la seguridad de la institución o los objetivos del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to make a statement on the need for continued prehearing confinement. ♦ Si está restringido pendiente a una audiencia por este informe de mal comportamiento, puede escribirle al Diputado del Superintendente para Seguridad o su representante antes de la audiencia para que haga una declaración acerca de la necesidad de continuar bajo confinamiento, previo a la audiencia.

Distribution: WHITE - Disciplinary Office    CANARY - Inmate (After review) ♦ Distribución: BLANCA - Oficina Disciplinaria    AMARILLA - Recluso (después de la resión)

07/03/17          STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES   PAGE   1
DCP008                              GRN HAVN GEN

                        VIOLATION HEARING DISPOSITION RENDERED

                                        REVIEW OFFICER    LT   DELANY, E P
                                        REVIEW DATE       07/02/17
                                        TIER 1 DUE DATE   07/08/17

1) NAME CHIN, WAYNE                          DIN 09A6287 LOCATION 0E-22-26S

2) INCIDENT DATE & TIME  07/02/17      08:20 AM

3) INMATE _____ *15* _____ ENGLISH SPEAKING
         A) IF NOT, WERE CHARGES TRANSLATED AND SERVED TO INMATE? ____
         B) INTERPRETOR AT HEARING _____

4) HEARING BEGIN DATE *7/4/17* TIME *10:53*
            END DATE   *7/4/17* TIME *10:52*

5) CHARGES: SPECIFY DETERMINATION FOR EACH OF THE CHARGES
            CONSIDERED AT HEARING

CHARGE
NUMBER      DESCRIPTION OF CHARGES          REPORTED BY          DISPOSITION
104.13      CREATING A DISTURBANCE      CO   BENAIM, J Y              *G*
------      -----------------------------    ----   ---------------------   --
106.10      REFUSING DIRECT ORDER                                     *G*
------      -----------------------------

6) PENALTY IMPOSED:

_____ *7 days keeplock Rec* _____
_*7/4/17 to 7/10/17*_____
_____
_____

*THIS FORM SHALL NOT BE MADE PART OF THE INMATE'S INSTITUTIONAL RECORDS

HEARING OFFICER _____ DATE *7/4/17*

INMATE SIGNATURE _____ DATE *7/4/17* TIME *1055*

        NOTICE TO INMATE: YOU MAY APPEAL THIS DETERMINATION BY WRITING TO THE
        SUPERINTENDENT WITHIN 24 HOURS OF YOUR RECEIPT OF THIS DISPOSITION

***SUCCESSFUL PRINT COMPLETION***

EXHibiT 5

FORM 3105A (7/11)          STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name | DIN | Date of Birth | Facility Name |
|---|---|---|---|
| Chin Wayne | 09A6287 | 8-31-51 | OSE |

**Subjective:** I'm having a lot of

BSC/

**Objective:** pain (L) elbow (R) Hand
BP-138/80  P-82  R-

**Assessment:** and Lower Back — right

**Plan:** (+) Swelling Limited Rom (L) Elbow c ecchymosis
and swelling. Lower Back ⊘ obvious deformity redness
or swelling. Clinic provider

Last Name Chin W
DIN 09A6287   Location E2 226
Date 5/19/17   Time 11⁰⁰4ₐ
Provider Orders: O) (R) Hand c

Signature/Provider # Yell #561   RN Transcribing Order/Provider #/Date/Time Today for eval

---

**Subjective:** C/o L elbow pain

(V) some edema noted

**Objective:** R hand pain

**Assessment:** pt needs x rays
he was in a fight
5/9/17 as per him

**Plan:** also he complaining of
LBP

Last Name Chin
DIN 09A6287   Location
Date 5/19/17   Time
Provider Orders:

Signature/Provider #   RN Transcribing Order/Provider #/Date/Time

---

**Subjective:** C/o pain to (L) back
Seen by provider on
5/19/17, Xray to (L)
**Objective:** elbow pending.

**Assessment:** Ambulating without difficulty, ⊘ obvious deformity
redness and swelling to Lower back noted

**Plan:** Appt c Provider

Last Name Chin, W
DIN 09A62   Location E-226
Date 5/23/17   Time 9¹¹ Am.
Provider Orders: Requesting to
See Provider.

125/80, 16
82, 98%

Signature/Provider # Clurniew   RN Transcribing Order/Provider #/Date/Time 5/23/17

Continue entry into next box if necessary.



LEGAL MAIL

**CRIME EVIDENCE**

Article Description

INMATE: CHIN - 09A6287

S.9.17

Exhibit No.

Date Found, Located or Developed

- FOIL -

Where This Article Was Found

Investigating Officer

SIRCHIE FINGER PRINT LABORATORIES

CAT. NO.   EE57









05/09/2017

