UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE CHIN,

                Plaintiff,

-against-

CO. P.T. SQUIRE; CO. P. LANGDON; C.O. K.W. KRASNOW; CO. J.Y. BENFORD; C.O. A. ESCALERA; SERGEANT ELLIS; SERGEANT ECKERSON; NURSE LINDEMANN,

                Defendants.

**ORDER OF SERVICE**

20-CV-03711 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights while he was incarcerated at Green Haven Correctional Facility. Plaintiff sues five correction officers (P.T. Squire; P. Langdon; K.W. Krasnow; J.Y. Benford; and A. Escalera), Sergeant Eckerson, and a Sergeant and Nurse previously named as John/Jane Doe Defendants but who have since been identified by the Office of the Attorney General in response to this Court's Valentin Order dated May 26, 2020. (Docs. 6, 8). Plaintiff filed an Amended Complaint which now names the previous John/Jane Defendants as Defendants Sergeant Ellis and Nurse Lindemann.  (Doc. 9).

      Because Plaintiff has been granted permission to proceed *in forma pauperis* (IFP), he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

      Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is

proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Sergeant Ellis and Nurse Lindemann through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of this Order, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Sergeant Ellis and Nurse Lindemann and deliver to the U.S. Marshals Service all documents necessary to effect service.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

                    **SO ORDERED:**

Dated:   New York, New York
         August 18, 2020

                    _____
                    PHILIP M. HALPERN
                    United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Nurse David Lindemann
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010

2. Sergeant Dustin Ellis
   Southport Correctional Facility
   236 Bob Masia Dr.
   Pine City, NY 14871