```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WAYNE CHIN,
                          Plaintiff,
v.

CO. P.T. SQUIRE, et al.,                                        ORDER DENYING REQUEST
                                                                FOR PRO BONO COUNSEL

                          Defendants.                           20-CV-03711 (PMH)
-----------------------------------------------------------X
```

PHILIP M. HALPERN, United States District Judge:

Plaintiff has filed an Application for the Court to Request Counsel (Doc. 42). For the following reasons, Plaintiff's application is denied.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must

first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## **DISCUSSION**

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Doc. 4). When Plaintiff filed his Application for the Court to Request Counsel, Plaintiff affirmed that his financial status had not changed. (*See* Doc. 42). Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging excessive force, deliberate indifference to his serious medical needs, and retaliation for having grieved an assault that occurred on May 9, 2017 while he was confined at Green Haven Correctional Facility. (Doc. 2). Plaintiff contends that the Court should request pro bono counsel because he lacks legal knowledge, has an eleventh grade education, "and in an advance age of sixty-five." (Doc. 42 at 5).

He further contends that some of the medications that he takes will impact his ability to meet discovery deadlines in this case. (*Id*.).

At this early stage in the proceedings, there is no indication that Plaintiff's position seems likely to be of substance or that there are particularly complex issues requiring the appointment of *pro bono* counsel. *Hodge*, 802 F.2d 61-62. The Court is also unable to determine that Plaintiff is unable to handle this case without assistance, although this conclusion may change as the action continues. Moreover, Plaintiff's application indicates that he has made efforts to retain counsel, and that one of the attorneys contacted is presently reviewing the complaint and has not yet decided whether to accept this case. (Doc. 42 at 3). Therefore, because the Court does not find any circumstances which warrant the appointment of pro bono counsel at this time, Plaintiff's application must be denied without prejudice to renew it at a later stage in the proceedings.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for pro bono counsel is denied without prejudice to a renewed application later in the case.

The Clerk of Court is requested to mail a copy of this Order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO-ORDERED:

Dated: White Plains, New York
      May 24, 2021

_____
Philip M. Halpern
United States District Judge