

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

STATE COUNSEL
BUREAU

Writer's Direct Dial:

**Via ECF**
Honorable Philip M. Halpern
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

> Application granted. The parties shall submit a proposed stipulated confidentiality agreement and protective order with addendum as identified herein.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> April 27, 2022

RE: *Chin v. CO PT Squire*, 20 Civ. 3711 (PMH)

Dear Judge Halpern:

    This Office represents Defendants Squire, Langdon, Eckerson, Krasnow, Benford, Ellis, Escalera, and Lindemann ("Defendants") in the above-referenced action. I write, with the consent of Plaintiff's counsel, to request a deviation from the Court's standard stipulation and protective order to include a provision limiting Plaintiff's access to Confidential Information.

    Plaintiff brings this 42 U.S.C. § 1983 action claiming that while incarcerated at Green Haven Correctional Facility, he was assaulted by Correction Officer Squire, and as retaliation, he was denied medical attention. Plaintiff also claims that as retaliation to the assault, he was singled out during an inmate disturbance and was subjected to a disciplinary hearing, where he was denied due process. Plaintiff's counsel has requested certain unredacted DOCCS documents that contain personal identifying information of non-party incarcerated individuals, which are not released to the incarcerated population, or the public for security reasons. Additionally, certain documents, such as logbooks, contain sensitive security material. Given the sensitive security material, DOCCS considers these confidential.

    Balancing Plaintiff's need for discovery with DOCCS's need to protect Incarcerated Individuals' identifying information, and security information contained in logbooks, DOCCS will agree to provide unredacted disciplinary hearing records and logbooks for witness information to Plaintiff's counsel, with medical notes or security information redacted, under a "Confidential" designation. Plaintiff is currently incarcerated and should not be permitted access to this sensitive security information.

    The Court's stipulation and protective order does not encompass sensitive security information documents such as logbooks, and disciplinary hearing's witness information. Accordingly, Defendants propose an addendum to the Court's stipulation and protective order,

28 Liberty Street, New York, New York 10005 ● Tel.: (212) 416-8610 ● Fax: (212) 416-6075 (Not For Service of Papers)
http://www.ag.ny.gov

substantially identical to that agreed by the parties and approved by Your Honor in the case of *Marshall v. Griffin*, 18-cv-6673 (*see* Docket Nos. 107-110 therein), in the form attached hereto.

    We thank the Court for its attention to this matter.

Respectfully Submitted,

/s/

Jessica Acosta-Pettyjohn
Assistant Attorney General
Jessica.Acosta-Pettyjohn@ag.ny.gov

Cc:    Amy Jane Agnew, Esq. (aj@ajagnew.com)
       Josh Morrison (Josh@ajagnew.com)
       Wan Cha (wcha@wchafirm.com)